IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

C.A. No. 12-17753

TUNG Q. LAM
Plaintiff-Appellant,

v.

JPMORGAN CHASE BANK, N.A and MTC
FINANCIAL, INC. DBA TRUSTEE CORPS
Defendants-Appellees.

_____

PLAINTIFF-APPELLANT LAM'S

REPLY BRIEF

Appeal from the Judgment of the United States District Court
for the Eastern District of California
Case No. 1:12-cv-01434-AWI-SMS
(Honorable Anthony W. Ishii)

Michael Yesk, Esq.
CA Bar No. 130056
Megan Dailey, Esq.
CA Bar No. 221574
Yesk Law
70 Doray Drive, Suite 16
Pleasant Hill, CA 94523
Telephone: (925) 849-5525

Attorneys for Appellant
TUNG Q. LAM

i

## TABLE OF CONTENTS

I.	Plaintiffs Have Standing to Challenge Validity of Chain of Title……………….……..……………………………………….. -1-

II.	California Agency Law Bars Defendants From Standing to Foreclose……………………………………………...…………….. -5-

# TABLE OF AUTHORITIES

**Statutes**

**State Statutes**

Cal. Civil Code § 2258 …………………………………………………..4
Cal. Civil Code § 2267……………………………………………………4
Cal. Civil Code§ 2924(a)(1)…………………………………………...3
Cal. Prob. Code § 16200……………………………………………….2

**Cases**

**Federal Cases**

*Sacchi v. Mortgage Electronic Registration Systems, Inc.*, No. CV 11-1658 ARM, 2011 WL 2533029, at *5 (C.D. Cal. June 24, 2011)……………………………….2
*Schafer v. CitiMortgage, Inc.,* No. CV 11-03919 ODW, 2011 WL 2437267, *4 (C.D. Cal. June 15, 2011)…………………………………………………..2
*Vogan v. Wells Fargo Bank, N.A. et al*, 2011 WL 5826016, *7……………………2

**State Cases**

*Botsford v. Haskins & Sells* (1978, Cal App 1st Dist) 81 Cal App 3d 780, 146 Cal Rptr 752, 1978 Cal App LEXIS 1623……………………………………………4
*Crocker-Citizens Nat'l Bank v. Younger* (1971) 4 Cal 3d 202, 93 Cal Rptr 214, 481 P2d 222, 1971 Cal LEXIS 307, 56 ALR3d 1228……………………………….4
*Estate of Gross* (1963, Cal App 1st Dist) 216 Cal App 2d 563, 31 Cal Rptr 281, 1963 Cal App LEXIS 2054…………………………………………………..4
*Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal. App. 4th 256, 270 (2011) ………..3
*Glaski v. Bank of America* CA5 (5th Appellate District)…………………………1
*Gomes v. Countrywide*, 192 Cal. App. 4th 1149 (2011)…………………………..3
*Huntoon v. Southern Trust & Commerce Bank* (1930, Cal App) 107 Cal App 121, 290 P 86, 1930 Cal App LEXIS 21....................................................................5

### I. Plaintiffs Have Standing to Challenge Validity of Chain of Title

Since the decision in *Glaski v. Bank of America* CA5 (5th Appellate District) the California Courts have recognized borrowers' rights to challenge standing to foreclose based on break in the chain of title. The court states: "The allegation that the WaMu Securitized Trust was formed under New York law supports the conclusion that New York law governs the operation of the trust. [] Because the WaMu Securitized Trust was created by the pooling and servicing agreement and that agreement establishes a closing date after which the trust may no longer accept loans, this statutory provision [New York Estates, Powers & Trusts Law section 7-2.4] provides a legal basis for concluding that the trustee's attempt to accept a loan after the closing date would be void as an act in contravention of the trust document. " The application of this statute to post-closing transfers, voids the Deed of Trust, according to the Glaski Court. The Court should find this to be the case here, because to do otherwise would subject beneficiaries to harm they should be protected from by the other terms of the trust agreement.

### I. California Agency Law Bars Defendants From Standing to Foreclose

Plaintiffs have standing to sue Defendants. Plaintiffs do not claim any

1

benefits to or seek any adjudication of the investors' claims regarding the failed securitization. Rather, Plaintiffs' claims are limited to their own interests - protection of their property rights. The limitation on agency powers is codified in California law. Trustee's powers are limited by the trust documents that enumerates their authority. CAL. PROB. CODE § 16200 states that A trustee has the following powers without the need to obtain court authorization: (a) The powers conferred by the trust instrument. Therefore, there is no way to tell whether a Trustee has the authority to act or not unless one examines the Trust Document, in this case, the Pooling and Servicing Agreement. Courts have recognized a borrower's right to bring claims challenging a party's interest under a deed of trust. *See Vogan v. Wells Fargo Bank, N.A. et al*, 2011 WL 5826016, *7; *Schafer v. CitiMortgage, Inc.,* No. CV 11-03919 ODW, 2011 WL 2437267, *4 (C.D. Cal. June 15, 2011); *Sacchi v. Mortgage Electronic Registration Systems, Inc.,* No. CV 11-1658 ARM:, 2011 WL 2533029, at *5 (C.D. Cal. June 24, 2011) ("It is true, as Defendants repeatedly assert, that California Civil Code § 2924, et seq. authorizes non-judicial foreclosures in this state. It is not the case, however, that the availability of a non-judicial foreclosure process somehow exempts lenders, trustees, beneficiaries, servicers, and the numerous other (sometimes ephemeral) entities involved in dealing with Plaintiffs from following the law."). Indeed, one of the very purposes of California's non-judicial foreclosure statutes is

2

"to protect the debtor/trustor from wrongful loss of the property." *Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal. App. 4th 256, 270 (2011) (internal quotations omitted).

There must be a determination of whether or not the MBS Trust, pursuant to the PSA, has standing to assert to be Plaintiffs' creditor. In addition, the injury claim is on behalf of discrete individuals here -Plaintiffs- and no other. For these reasons, Plaintiffs have standing to sue Defendants.

*Gomes v. Countrywide*, 192 Cal. App. 4th 1149 (2011), held that California Civil Code§ 2924(a)(1) does not "provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized." *Id*. at*1155. But the issue in Gomes was not whether the wrong entity had initiated foreclosure; rather, the issue was whether the company selling the property in the non-judicial foreclosure sale (MERS) was authorized to do so by the owner of the promissory note. See id. at 1155. That is, *Gomes* involved a challenge to whether an agent had the authorization of its principal, who was the undisputed beneficiary under the deed of trust, to initiate foreclosure. It was not, as here, a challenge to the principal's claimed status as beneficiary under the deed of trust.

3

Plaintiffs are not and have not alleged that Plaintiffs' Deed of Trust or any contract, or legal authority prevents original lenders from securitizing deeds of trust by retaining or severing servicing rights from mortgage notes and deeds of trust and selling the mortgage notes and deeds of trust to investors. Former CC §§ 2258 and 2267 (limiting trustee's authority to directions and declarations in trust instrument), were not contravened by the rule allowing the trustee the authority to adopt measures and to do acts that are not specified in the instrument but that are implied in its general directions and are reasonable and proper means for making the instrument effectual. *Botsford v. Haskins & Sells* (1978, Cal App 1st Dist) 81 Cal App 3d 780, 146 Cal Rptr 752, 1978 Cal App LEXIS 1623. In determining extent of discretion conferred on trustees by trustor, court must look to instrument creating trust and resolve question from that instrument alone. *Estate of Gross* (1963, Cal App 1st Dist) 216 Cal App 2d 563, 31 Cal Rptr 281, 1963 Cal App LEXIS 2054. Deviation from the terms of a trust is not justified by the mere fact that such deviation would be advantageous to the beneficiaries or would offer an expedient solution to problems of trust management. *Crocker-Citizens Nat'l Bank v. Younger* (1971) 4 Cal 3d 202, 93 Cal Rptr 214, 481 P2d 222, 1971 Cal LEXIS 307, 56 ALR3d 1228. A power to appoint trustees conferred by the terms of a trust can be exercised only under the circumstances and in the manner provided by those terms. *Crocker-Citizens Nat'l Bank v. Younger* (1971) 4 Cal 3d 202, 93 Cal Rptr

214, 481 P2d 222, 1971 Cal LEXIS 307, 56 ALR3d 1228.   Authority of trustee to transfer trust property depends upon terms of instrument by which trust is created, and where trustee is expressly empowered to sell, his deed vests title in purchaser. *Huntoon v. Southern Trust & Commerce Bank* (1930, Cal App) 107 Cal App 121, 290 P 86, 1930 Cal App LEXIS 219.

Plaintiffs alleged that the securitization and foreclosure process, in this instance, was mishandled as will be set forth below and therefore prevents Defendants from enforcing Plaintiffs' Deed of Trust because it is too late to correct these defects including violations of the California Civil Code and federal law, breaches of Plaintiffs' Deed of Trust and the Pooling and Servicing Agreement ("PSA") for the securitized trust, and use of robo-signers.  Therefore, Plaintiffs' Deed of Trust is void and unenforceable.

Respectfully submitted this 5th day of September, 2013.

*s/Megan Dailey*
Megan Dailey (CA Bar No. 221574)
Yesk Law
Attorneys for Plaintiff-Appellant
70 Doray Drive, Suite 16
Pleasant Hill, CA 94523
Telephone: (925) 849-5525

## I. CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1,328 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 Times New Roman 14.

>                   *s/Megan Dailey*
>                   Megan Dailey, Esq.
>                   Yesk Law
>                   Attorneys for Plaintiff-Appellant
>                   70 Doray Drive, Suite 16
>                   Pleasant Hill, CA 94523
>                   Telephone: (925) 849-5525